UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANCHOR BREWING COMPANY, LLC,, a California limited liability company,<br><br>      Plaintiff,<br><br>    v.<br><br>MOUNTAIN SHIPPERS, LLC, a Connecticut limited liability company, CITY STEAM BREWERY, LLC, a Connecticut limited liability company, and DOES 1 through 20, inclusive,<br><br>      Defendants. | Case No.<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff ANCHOR BREWING COMPANY, LLC ("ANCHOR" or "plaintiff") for its Complaint against Defendants MOUNTAIN SHIPPERS, LLC, CITY STEAM BREWERY, LLC, and DOES 1-20, alleges, on knowledge with respect to its own acts and on information and belief with respect to all other matters, as follows:

## NATURE OF THE ACTION

1. Plaintiff ANCHOR and its predecessors in interest have been brewing, marketing and selling beer under the STEAM BEER and the ANCHOR STEAM marks (the "STEAM MARKS") since no later than 1934. Anchor Steam Beer is one of the original American craft beers. The STEAM MARKS are famous marks under 15 U.S.C. section 1125. ANCHOR has expended substantial time, energy, and resources over many years to ensure that the general public associates the STEAM MARKS exclusively with ANCHOR and its products.

2. Defendants MOUNTAIN SHIPPERS and CITY STEAM BREWERY manufacture, market, and sell beer under the mark CITY STEAM, including at defendants' City Steam Brewery Café (the "CITY STEAM MARKS"). The products sold under ANCHOR's STEAM MARKS are

craft beer. The products sold under defendants' CITY STEAM MARKS are craft beer. The parties' beers are sold and marketed where beers are sold and marketed; they are sold and marketed to the people to whom beers are sold and marketed; they are consumed by the people who drink beer: The parties' beers are sold and marketed in the same channels of trade to the same class of consumers.

3. Defendants' use of the CITY STEAM MARKS mark infringes the STEAM MARKS as it is likely to cause an unwarranted association between defendants' product and plaintiff's STEAM MARKS and confuse the public as to the source or affiliation of defendants' product. Consumers are likely to believe that plaintiff ANCHOR is associated with defendants by sponsorship, approval, source, affiliation or some other connection. Defendants are therefore liable for infringement under 15 U.S.C. §§1114 and 1125(a).

4. These acts, which impair the distinctiveness of the STEAM MARKS, further constitute dilution by blurring in violation of 15 U.S.C. §1125(c). ANCHOR has no control over the defendants' provision of beer that is promoted through and identified by the CITY STEAM MARKS. These acts by defendants also constitute dilution by tarnishment under 15 U.S.C. §1125(c).

## JURISDICTION AND VENUE

5. This is a complaint for (a) trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. §1114; (b) unfair competition and false designation of origin under Section 43 of the Lanham Act, 15 U.S.C. §1125(a); (c) dilution of a famous mark under 15 U.S.C. §1125(c); (d) cyberpiracy under 15 U.S.C. §1125(d); (e) denial of registration under 15 U.S.C. §1063; and (f) trademark infringement and dilution, and unfair competition under the law of the State of Connecticut, all arising from defendants' unauthorized use of plaintiff's famous trademarks in defendants' business.

6. The Court has subject matter jurisdiction over the trademark claims in this action pursuant to 28 U.S.C. §1338(a) and 15 U.S.C. §1121. The Court has supplemental jurisdiction over the remaining state law claims under 28 U.S.C. §1367 because these claims are so related to

plaintiff's claims under federal law that they derive from a common nucleus of operative fact and form part of the same case or controversy.

7. The Court has personal jurisdiction over defendants because defendants have their principal place of business in this District. Defendants use infringing marks to market and sell its products to customers in this District.

8. Venue is proper in this district under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District where defendants have committed and continue to commit infringing and diluting acts, including, without limitation, displaying the infringing marks within this District.

## THE PARTIES

9. Plaintiff ANCHOR BREWING COMPANY, LLC is a statutory limited liability company in good standing duly organized and existing under the laws of the State of California, and having its principal place of business in the City and County of San Francisco, California.

10. Defendant MOUNTAIN SHIPPERS, LLC, is a Connecticut limited liability company with its principal place of business in this District.

11. Defendant CITY STEAM BREWERY, LLC, is a Connecticut limited liability company with its principal place of business in this District.

12. ANCHOR is unaware of the true names and capacities of defendants sued as DOE 1 through DOE 20. For this reason, ANCHOR sues those defendants under fictitious names. ANCHOR will amend this complaint to replace the fictitious names with true names and capacities of those defendants once those true names and capacities are ascertained. Upon information and belief, the fictitiously named defendants were, at all relevant times, agents employees or representatives of each other or of defendants and, in doing the things alleged, were acting within the scope of such agency, employment, or representation. Upon information and belief, each of the fictitiously named defendants is responsible in some manner for the acts alleged and that ANCHOR's damages alleged were proximately caused by such defendant.

13.

**FACTS AND ALLEGATIONS COMMON TO ALL CLAIMS**

14. Plaintiff ANCHOR engages in the business of the domestic production, marketing, distribution and export of its craft beer, including beers bearing the STEAM MARKS. ANCHOR prides itself on the purity and quality of its beer.

15. ANCHOR is the owner of the federally registered mark STEAM BEER (Registration No. 1206783) and the common-law trademark ANCHOR STEAM, both long-established trademarks of ANCHOR and its predecessors in interest (referred to in this Complaint collectively as "ANCHOR") for goods in Class 32, including beer (collectively, the "STEAM MARKS").

16. ANCHOR's federal registration for STEAM BEER is subsisting, uncancelled, unrevoked and uncontestable.

17. ANCHOR has used the federally registered trademark STEAM BEER in California since no later than 1934 and in interstate commerce since no later than 1971. ANCHOR has used the trademark ANCHOR STEAM in interstate commerce since no later than 1971.

18. ANCHOR has extensively and continually advertised and promoted its products with the STEAM MARKS. Moreover, ANCHOR has invested substantial time, energy and resources to develop the STEAM MARKS and to ensure that the general public associates those trademarks exclusively with ANCHOR and its quality products. Each of the STEAM MARKS is inherently arbitrary, fanciful, distinctive or suggestive, or has otherwise acquired secondary meaning in the relevant channels of trade to refer solely to ANCHOR. The STEAM MARKS have been distinctive from the date of their first use or the first registration filing of STEAM BEER in the United States Patent and Trademark Office in 1978.

19. ANCHOR has extensively and continually promoted the STEAM MARKS. Moreover, ANCHOR has invested substantial time, energy and resources to develop the STEAM MARKS and to ensure that the general public associates those trademarks exclusively with ANCHOR and its quality products.

20. ANCHOR has been vigilant in protecting its interests in the STEAM MARKS and has frequently acted against use of the STEAM MARKS by unauthorized parties or in an unauthorized manner.

21. ANCHOR has become aware that defendants are using in commerce the confusingly similar mark "CITY STEAM" (the "CITY STEAM MARKS") in connection with the promotion, marketing and sale of craft beer.  ANCHOR has learned that defendant CITY STEAM BREWERY initially only made and sold its CITY STEAM beer for consumption on the premises of its brewpub in Hartford, Connecticut.  ANCHOR has now become aware that defendants have recently begun making and selling beer under the CITY STEAM marks not only at their bar, but also bottled or casked for distribution and sale in interstate commerce.

22. On May 31, 2012, defendant MOUNTAIN SHIPPERS filed an application in the United States Patent and Trademark Office to register the mark CITY STEAM in Class 32, including for beer (Application Serial Number 85639126).  ANCHOR informed defendants that it opposed registration of the CITY STEAM MARKS and that it objected to defendants' use of the CITY STEAM MARKS.  ANCHOR timely filed a Notice of Opposition in the Trademark Trials and Appeals Board (the "TTAB") (Opposition No. 91209590).  The parties exchanged their Rule 26(a) disclosures as required by the rules of the TTAB in January 2014.  ANCHOR has served its first Request for Production of Documents and its first Set of Interrogatories.  MOUNTAIN SHIPPERS has not served any demands for discovery.  Promptly on the filing of this Complaint, ANCHOR will seek a stay of the TTAB Opposition Proceeding in deference to proceedings in this Court.

### FIRST CLAIM FOR RELIEF
(**Trademark Infringement – 15 U.S.C. §1114**)

23. ANCHOR incorporates by reference the allegations set forth in Paragraphs 1 through 21 of this Complaint.

24. ANCHOR's federal registration of the STEAM BEER trademark is conclusive evidence of ANCHOR's exclusive right to use the mark in commerce, pursuant to 28 U.S.C. §1115.

25. Defendants' use in commerce of the CITY STEAM MARKS in connection with its beer and its promotion and advertising materials is likely to cause confusion or mistake, or likely to deceive the public, thereby constituting infringement of ANCHOR's STEAM MARKS in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114.

26. As a proximate result of defendants' actions, ANCHOR has suffered and will continue to suffer ongoing and irreparable injury for which ANCHOR has no adequate remedy at law.

27. Defendants' acts of infringement have been and continue to be deliberate, willful and wanton, making this an exceptional case within the meaning of 15 U.S.C. §1117.

28. For the foregoing reasons, ANCHOR is entitled to a preliminary and permanent injunction, as well as all other remedies available under the Lanham Act, including, without limitation, compensatory damages, treble damages, disgorgement of profits, costs and reasonable attorneys' fees.

**SECOND CLAIM FOR RELIEF**
**(False Designation of Origin – 15 U.S.C. §1125(a))**

29. ANCHOR incorporates by reference the allegations set forth in Paragraphs 1 through 27 of this Complaint.

30. The STEAM MARKS, as used by ANCHOR and its licensees in connection with ANCHOR's beer business, are distinctive marks and have become so associated with ANCHOR that they exclusively identify ANCHOR's business and its products.

31. Defendants' wrongful use in commerce of the CITY STEAM MARKS in connection with its beer and in its promotion and advertising materials is likely to cause confusion or mistake, or to deceive members of the public into believing that defendants' services are affiliated, connected or otherwise associated with ANCHOR, thereby constituting false designation of origin, passing off, false advertising and unfair competition in violation of Section 43 of the Lanham Act, 15 U.S.C. 1125(a).

32.	As a proximate result of defendants' actions, ANCHOR has suffered and will continue to suffer ongoing and irreparable injury for which ANCHOR has no adequate remedy at law.

33.	Defendants' acts of infringement have been and continue to be deliberate, willful and wanton, making this an exceptional case within the meaning of 15 U.S.C. §1117.

34.	For the foregoing reasons, ANCHOR is entitled to a preliminary and permanent injunction, as well as all other remedies available under the Lanham Act, including, without limitation, compensatory damages, treble damages, disgorgement of profits, costs and reasonable attorneys' fees.

## THIRD CLAIM FOR RELIEF
(**Dilution of Famous Mark – 15 U.S.C. §1125(c)**)

35.	ANCHOR incorporates by reference the allegations set forth in Paragraphs 1 through 33 of this Complaint.

36.	ANCHOR has used the STEAM MARKS in connection with its beer business since at least 1934.  During this time, ANCHOR has continuously and vigorously used the STEAM MARKS in the promotion and advertising of its products, both domestically and world-wide.  ANCHOR's efforts to promote and expand the use of the STEAM MARKS in connection with its business have led to widespread and favorable public acceptance and recognition of the STEAM MARKS.  For the foregoing reasons, the STEAM MARKS are and have been famous within the meaning of  15 U.S.C. §1125(c), since long prior to May 31, 2012, the filing date of MOUNTAIN SHIPPERS's trademark application, and long prior to 1997, defendants' claimed date of first use of the CITY STEAM MARKS.  Defendants started using the CITY STEAM MARKS in commerce well after the STEAM MARKS became famous.

37.	Defendant's use of the CITY STEAM MARKS in the provision of its beer is likely to cause an unwarranted association between the defendants' goods and the STEAM MARKS that impairs the distinctiveness of the STEAM MARKS.  These acts by defendant constitute trademark dilution by blurring in violation of 15 U.S.C. §1125(c).

38.	ANCHOR has no control over defendants' beer that is promoted through and identified by marks that are confusingly similar to the STEAM MARKS.  Accordingly, defendants' use of the CITY STEAM MARKS is likely to cause an unwarranted association between the defendants' goods and the STEAM MARKS that harms the reputation of the STEAM MARKS.  These acts by defendant constitute trademark dilution by tarnishment in violation of 15 U.S.C. §1125(c).

39.	As a proximate result of defendants' actions, ANCHOR has suffered and will continue to suffer ongoing and irreparable injury for which ANCHOR has no adequate remedy at law.

40.	Defendant's acts of infringement and dilution have been and continue to be deliberate, willful and wanton, making this an exceptional case within the meaning of 15 U.S.C. §1117.

41.	For the foregoing reasons, ANCHOR is entitled to a preliminary and permanent injunction, as well as all other remedies available under the Lanham Act, including, without limitation, compensatory damages, treble damages, disgorgement of profits, costs and reasonable attorneys' fees.

## FOURTH CLAIM FOR RELIEF
### (Cyberpiracy – 15 U.S.C. §1125(d))

42.	ANCHOR incorporates by reference the allegations set forth in Paragraphs 1 through 40 of this Complaint.

43.	Defendants have registered the domain name www.citysteam.biz that is confusingly similar to or dilutive of the STEAM MARKS.  Defendants have used and continue to use that domain name in the conduct of its business.  Defendants registered the domain name after the STEAM MARKS had become distinctive and famous.

44.	Defendants have a bad faith intent to profit from the continued use of the domain name that is confusingly similar to the STEAM MARKS in violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C.  §1125(d).

45. As a proximate result of defendants' actions, ANCHOR has suffered and will continue to suffer ongoing and irreparable injury for which ANCHOR has no adequate remedy at law.

46. For the foregoing reasons, ANCHOR is entitled to a preliminary and permanent injunction, as well as all other remedies available under the Lanham Act, including, without limitation, compensatory damages, treble damages, disgorgement of profits, costs and reasonable attorneys' fees.

47. Additionally, pursuant to the Anticybersquatting Consumer Protection Act, ANCHOR is entitled to have defendants' rights to the domain name www. citysteam.biz cancelled and the domain name transferred to ANCHOR immediately.

## FIFTH CLAIM FOR RELIEF
### (Connecticut Common Law Unfair Competition)

48. ANCHOR incorporates by reference the allegations set forth in Paragraphs 1 through 46 of this Complaint.

49. Defendants' acts alleged above constitute unfair competition under the common law of the State of Connecticut.

50. Defendants have made and will make substantial profits through its infringing and diluting activities to which it is not in law or in equity entitled.

51. Defendants intend to continue its infringing conduct unless restrained by this Court.

52. Defendants' conduct is aggravated by that kind of willfulness, wantonness, malice and conscious indifference to ANCHOR's rights for which Connecticut law allows imposition of exemplary damages.

53. Defendants' wrongful acts have caused and will continue to cause ANCHOR substantial and irreparable injury for which ANCHOR has no adequate remedy at law.

54. ANCHOR is entitled to injunctive relief and damages in the amount of three times defendants' profits and three times all damages suffered by ANCHOR by reason of defendants' infringement and dilution of ANCHOR's trademarks.

## SIXTH CLAIM FOR RELIEF
### (Connecticut Unfair Trade Practices Act; Conn. Gen. Stat. §§ 42-110a *et seq.*)

55. ANCHOR incorporates by reference the allegations set forth in Paragraphs 1 through 53 of this Complaint.

56. Defendants are "persons" within the meaning of Conn. Gen. Stat. section 42-110a

57. With respect to the foregoing conduct by defendants, defendants were engaged in the conduct of trade or commerce, as those terms are defined in the Connecticut Unfair Trade Practices Act (CUTPA), Conn. Gen. Stat. sections 42-110a *et seq.*

58. Defendants' infringement of ANCHOR's trademarks constitutes unlawful, unfair or fraudulent business acts or practices and unfair, deceptive, untrue or misleading advertising in violation of CUTPA, in that the conduct is offensive to public policy, egregious, unconscionable, immoral, unethical, oppressive, deceptive, and/or unscrupulous, and has caused, and may continue to cause, substantial injury to ANCHOR, in addition to consumers and/or others.

59. Defendants intend to continue its infringing conduct unless restrained by this Court.

60. Defendants' wrongful acts have caused and will continue to cause ANCHOR substantial and irreparable injury for which ANCHOR has no adequate remedy at law.

61. ANCHOR is entitled to injunctive relief and restitution in an amount to be proven at trial.

62. A copy of this Complaint has been mailed to the Attorney General of the State of Connecticut as required by Conn. Gen. Stat. section 42-110g.

## SEVENTH CLAIM FOR RELIEF
### (Denial of Registration – 15 U.S.C. § 1063)

63. ANCHOR incorporates by reference the allegations set forth in Paragraphs 1 through 61 of this Complaint.

64. ANCHOR is the owner of federally registered trademarks.

65. Defendants' use in commerce of the CITY STEAM MARKS in connection with its beer and its promotion and advertising materials is likely to cause confusion or mistake, or likely to

deceive the public, thereby constituting infringement of ANCHOR's trademarks in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114.

66. Defendants' wrongful use in commerce of the CITY STEAM MARKS in connection with its beer and in its promotion and advertising materials is likely to cause confusion or mistake, or to deceive members of the public into believing that defendants' services are affiliated, connected or otherwise associated with ANCHOR, thereby constituting false designation of origin, passing off, false advertising and unfair competition in violation of Section 43 of the Lanham Act, 15 U.S.C. 1125(a).

67. As set forth in detail above, the STEAM MARKS are famous within the meaning of 15 U.S.C. §1125(c).

68. Defendants' use in commerce of the CITY STEAM MARKS in connection with its beverage and its promotion and advertising materials is likely to cause an unwarranted association between the defendants' goods and the STEAM MARKS that impairs the distinctiveness of the STEAM MARKS causing dilution by blurring under 15 U.S.C. §1125(c).

69. Defendants' use in commerce of the CITY STEAM MARKS in connection with its beer and its promotion and advertising materials is likely to cause an unwarranted association between the defendants' goods and the STEAM MARKS that harms the reputation of the STEAM MARKS causing dilution by tarnishment under 15 U.S.C. §1125(c).

70. ANCHOR is or will be damaged by the registration of the CITY STEAM MARKS on the principal register as a result of the likelihood of confusion and the likelihood of dilution by blurring and/or by tarnishment.

71. For the foregoing reasons, the application for registration of the CITY STEAM MARKS should be refused with prejudice.

## DEMAND FOR JUDGMENT

WHEREFORE, ANCHOR prays for judgment as follows:

1. That defendants and their members, agents, officers, employees, representatives, successors, assigns, attorneys and all other persons acting for, with, by, through or under authority from defendant, and each of them, be preliminarily and permanently enjoined from:

    a. using the CITY STEAM MARKS or any colorable imitation thereof;

    b. using the STEAM MARKS or any colorable imitation thereof;

    c. using any trademark that imitates or is confusingly similar to or in any way similar to the STEAM MARKS, or that is likely to cause confusion, mistake, deception, or public misunderstanding as to the origin of ANCHOR's products or their connection to defendant; and

    d. using the domain name www. citysteam.biz or any colorable imitation thereof.

2. That defendants be required to file with the Court and serve on ANCHOR within thirty (30) days after entry of the Injunction, a report in writing under oath setting forth in detail the manner and form in which defendants have complied with the Injunction;

3. That, pursuant to 15 U.S.C. §1117, defendants be held liable for all damages suffered by ANCHOR resulting from the acts alleged herein;

4. That, pursuant to 15 U.S.C. §1117, defendants be compelled to account to ANCHOR for any and all profits derived by it from its illegal acts complained of herein;

5. That defendants be ordered pursuant to 15 U.S.C. §1118 to deliver up for destruction all containers, labels, signs, prints, packages, wrappers, receptacles, advertising, promotional material or the like in possession, custody or under the control of defendant bearing a trademark found to infringe ANCHOR's trademark rights, as well as all plates, matrices, and other means of making the same;

6. That defendants be ordered to pay compensatory and punitive damages under federal and Connecticut common law;

      7.      That, pursuant to 15 U.S.C. §1063, the Court order the United States Patent and Trademark Office to refuse the application to register the CITY STEAM MARKS with prejudice;

      8.      That the Court cancel defendants' rights in the domain name www.citysteam.biz and transfer those rights to ANCHOR.

      9.      That the Court declare this to be an exceptional case and award ANCHOR its full costs and reasonable attorneys' fees pursuant to 15 U.S.C. §1117;

      10.      That the Court grant ANCHOR any other remedy to which it may be entitled as provided for in 15 U.S.C. §§1116 and 1117 or under state law; and

      11.      For such other and further relief as the Court shall deem just and proper.

DATED: January 27, 2014

        Respectfully submitted,

        GRAYSON & ASSOCIATES PC

        By: _____/s *Eric D. Grayson*
        _____
        Eric D. Grayson (CT 02781)
        175 West Putnam Avenue, Second Floor
        Greenwich, Connecticut 06830
        Phone (203) 622-8100
        **Attorneys for Plaintiff**
        ANCHOR BREWING COMPANY LLC
        Local Counsel

LANE, SASH & LARRABEE LLP
J. Mark Lane, Esq.  (Application for admission *pro hac vice* to be made)
106 Corporate Park Drive, Suite 110
White Plains, NY 10604
(914) 251-0001

JAMES WESLEY KINNEAR (SBN 124771)
KINNEAR LAW FIRM PC
James Wesley Kinnear, Esq. (Application for admission *pro hac vice* to be made)
220 Montgomery Street, Suite 695
San Francisco, CA 94104
(415) 328-6302
jwk@kinnearlaw.com

**DEMAND FOR JURY TRIAL**

Plaintiff hereby requests a trial by jury for all issues so triable.

DATED: January 27, 2014

        Respectfully submitted,

        GRAYSON & ASSOCIATES PC

        By: _____/s *Eric D. Grayson*
        _____
        Eric D. Grayson (CT 02781)
        175 West Putnam Avenue, Second Floor
        Greenwich, Connecticut 06830
        Phone (203) 622-8100
        **Attorneys for Plaintiff**
        ANCHOR BREWING COMPANY LLC
        Local Counsel

        LANE, SASH & LARRABEE LLP
        J. Mark Lane, Esq.  (Application for admission *pro hac vice* to be made)
        106 Corporate Park Drive, Suite 110
        White Plains, NY 10604
        (914) 251-0001

        JAMES WESLEY KINNEAR (SBN 124771)
        KINNEAR LAW FIRM PC
        James Wesley Kinnear, Esq. (Application for admission *pro hac vice* to be made)
        220 Montgomery Street, Suite 695
        San Francisco, CA 94104
        (415) 328-6302
        jwk@kinnearlaw.com